UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAFAL TYSZKA, | ) |
| | ) |
| *Petitioner/Plaintiff*, | ) |
| v. | ) |
| | ) |
| PAM BONDI, Attorney General | ) |
| of the United States, | ) |
| KRISTI NOEM, Secretary of the | ) |
| Department of Homeland Security; | ) |
| Todd M. Lyons Acting Director of | )   No. 25-CV-12062 |
| Immigration and | ) |
| Customs Enforcement; and | ) |
| U.S. IMMIGRATION AND | ) |
| CUSTOMS | ) |
| ENFORCEMENT, RUSSELL HOTT, | ) |
| Field Office Director, ICE | ) |
| Enforcement and Removal | ) |
| Operations, Chicago Field Office | ) |
| | ) |
| *Respondents/Defendants*. | ) |

**COMPLAINT FOR A WRIT OF HABEAS CORPUS, MANDAMUS, DECLARATORY RELIEF, AND EMERGENCY STAY OF REMOVAL**

**I. INTRODUCTION**

1. Plaintiff Rafal Tyszka, a native and citizen of Poland, brings this action to challenge his unlawful detention and imminent deportation by U.S. Immigration and Customs Enforcement ("ICE") under an erroneous application of the Visa Waiver Program ("VWP") and/or *Matter of Yajure*

1

*Hurtado* (agency decision cite: 29 I&N Dec. 216 (BIA 2025). The Visa Waiver Pilot Program was established by Congress to determine if a visa waiver provision could facilitate international travel and promote the more effective use of the resources of affected government agencies." Visa Waiver Pilot Program, 53 Fed. Reg. 24,898, 24,898. DHS seeks to remove the Plaintiff/Petitioner absent a hearing before an immigration judge and deny him any requests for a reasonable bond. Upon information and belief, Plaintiff/Petitioner never lawfully applied for the VWP with his lawful Polish passport and Polish citizenship, and therefore never completed the VWP application in which he waives his right to appear before an immigration judge. Since he never lawfully entered or completed the waiver application with the Department of State prior to his entry into the United States, he also never agreed to forgo filing for a change of nonimmigrant status, or agreed to forego any extensions of stay under the VWP, as he was never eligible in the first place to enter on a VWP. Plaintiff/Petitioner never completed the Electronic System for Travel Authorization ("ESTA"), which requires visitors to fill out the I-94W form online in advance of travel to the United States. *See* The Electronic System for Travel Authorization: Mandatory Compliance Required for Travel Under the Visa Waiver Program, 73 Fed.Reg. 67,354. In fact, Petitioner's/Plaintiff's entry was never

2

valid and lawful as he was never an Austrian citizen and he never waived his procedural rights to appear before an immigration judge. Attached hereto and made a part hereof as "Exhibit A" is a copy of Petitioner/Plaintiff's Polish passport. The Plaintiff/Petitioner therefore never "knowingly or voluntarily" waived any due process or fundamental rights, including his right to appear before an immigration judge. In other words, an individual's waiver through the VWP of the due process rights to which Plaintiff/Petitioner would otherwise be entitled must be done both knowingly and voluntarily.

2. Plaintiff/Petitioner has resided in the United States for over twenty-five years, has three (3) American citizen children and has no arrest or conviction record.
3. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his unlawful detention and denial of access to a bond hearing under INA § 236(a).
4. Plaintiff seeks a writ of mandamus under 28 U.S.C. § 1361, declaratory relief under 28 U.S.C. § 2201, and a stay of removal under the Court's inherent authority to prevent irreparable harm. He also requests that this Court enter an order setting a reasonable bond or issue an alternative order for an immigration judge to consider bond.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1361, 1651, and 2201, and the Administrative Procedure Act, 5 U.S.C. §§ 555(b), 706(1).

4. Venue is proper under 28 U.S.C. § 1391(e) because Plaintiff resides in Mt. Prospect, Illinois, and is detained within this District.

## III. PARTIES

5. Plaintiff Rafal Tyszka is a native and citizen of Poland, born May 10, 1979. He has resided in Mt. Prospect, Illinois for over 25 years.

6. Plaintiff entered the United States on or about April 14, 2000, using a fraudulent Austrian passport under the VWP. He was admitted but not lawfully, and was never eligible for the VWP as a Polish national.

7. Defendants are officials of the U.S. government responsible for Plaintiff's detention and removal. Defendant Mayorkas is the Secretary of DHS. Defendant Johnson is the Acting Director of ICE. Defendant ICE is the agency detaining Plaintiff.

## IV. FACTUAL ALLEGATIONS

8. Plaintiff was arrested by ICE and placed in detention in Illinois. ICE now seeks to relocate him to a distant facility, impeding access to counsel and family.

9. ICE asserts that Plaintiff is subject to mandatory removal under the VWP without a hearing, also relying on an agency decision, *Matter of Yajure Hurtado*, 27 I&N Dec. 935 (BIA 2020).

10. Plaintiff was never eligible for the VWP having entered unlawfully on an Austrian passport. His entry under a fraudulent Austrian passport renders the VWP inapplicable. He is in fact, a Polish national. Attached hereto and made a part hereof as "Exhibit A" is a copy of the Plaintiff/Petitioner/s Polish passport.

11. Plaintiff is statutorily eligible for non-LPR cancellation of removal and other relief, and is entitled to a full removal hearing under INA § 240.

12. ICE refuses to set bond or allow an Immigration Judge to consider bond, citing INA § 235(b) and *Yajure Hurtado*. This is erroneous.

## V. LEGAL FRAMEWORK

13. INA § 235(b) governs inspection and expedited removal at ports of entry. It applies to individuals seeking admission—not those already present in the U.S.

14. INA § 236(a) governs detention of individuals already in the U.S. and provides for discretionary release on bond.

15. Plaintiff has resided in the U.S. for 25 years. He has a fixed address. He is not an arriving alien. He is subject to INA § 236(a), and entitled to a bond hearing.

16. The BIA's interpretation in *Yajure Hurtado* is inapplicable to individuals who fraudulently entered under the VWP, did not knowingly and voluntarily waive rights, and was never eligible for it.

17. In *Maldonado Bautista v. Noem*, 2023 WL 4569123 (D.S.D. July 17, 2023), the court held that ICE's reliance on VWP status was improper where the petitioner was never eligible for the program. The court granted declaratory relief and stayed removal.

18. Recent cases in the Northern District of Illinois have granted bond or judicial review where ICE improperly applied expedited removal or denied access to bond hearings.

## VI. CLAIMS FOR RELIEF

**Count I – Petition for Writ of Habeas Corpus (28 U.S.C. § 2241)**

19. Petitioner is currently detained by ICE in violation of the Constitution and laws of the United States. ICE's refusal to adjudicate his custody under INA § 236(a), and its reliance on an erroneous application of the Visa Waiver Program and or *Matter of Yajure Hurtado*, deprives him of liberty without due process. Petitioner is entitled to a bond hearing before an Immigration

6

Judge and to pursue statutory relief from removal, including cancellation of removal under INA § 240A(b)(1). Habeas corpus is the appropriate vehicle to challenge this unlawful detention.

**Count II – Mandamus (28 U.S.C. § 1361)**

20.     Defendants have a clear duty to apply the correct statutory framework and allow a bond hearing under § 236(a).

**Count III – Declaratory Relief (28 U.S.C. § 2201)**

20. Plaintiff seeks a declaration that he is not subject to the VWP, that § 236(a) governs his detention, and that he is entitled to a bond hearing.

21.     Because Plaintiff/Petitioner has not properly and lawfully entered the U.S. via the VWP under his true nationality using a fraudulent passport, he cannot not be restricted to the VWP program's requirements and an immigration judge should determine his removability as well as his application for adjustment of status his EOIR-42B cancellation of removal for non-lawful permanent residents.

**Count IV – APA Violation (5 U.S.C. § 706(1))**

22. ICE's refusal to adjudicate Plaintiff's custody under § 236(a) constitutes agency action unlawfully withheld.

**Count V – Stay of Removal**

23. Plaintiff seeks a stay of removal pending resolution of this action, to prevent irreparable harm and unlawful deportation.

24. The Plaintiff/Petitioner has a (1) "strong showing" that his is likely to succeed on the merits of this action; (2) he will be irreparably injured if the stay is not granted; (3) the issuance of the stay will not substantially injure DHS; and (4) the issuance of the stay will not harm the public interest. *Nken v. Holder*, 556 U.S. 418, 433 (2009)[1] (Supreme Court rejecting the government's argument that a movant must provide clear and convincing evidence that the removal order is unlawful, under INA § 242(f)(2), to obtain a stay. *Nken*, 556 U.S. at 432-33, reasoning that this standard should *not apply* because it would force courts to effectively "decide the merits" of the petition for review to resolve a stay motion. *Id*. at 432).

**VII. ELIGIBILITY FOR RELIEF FROM REMOVAL AND REQUEST FOR EMERGENCY STAY OR REMOVAL**

25. Plaintiff Rafal Tyszka is the father of three United States citizen children. Their birth certificates evidencing their United States citizenship are attached hereto and made a part hereof as "Exhibits B, C, and D." Also attached hereto and

---

[1] "[A] 'strong' showing does not mean proof by a preponderance—once against, that would spill too far into the ultimate merits . . . .") (*quoting* Ill. *Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020)).

made a part hereof as "Group Exhibit E" are photos of Rafal Tyszka and his United States citizen children.

26. Plaintiff is eligible to apply for Cancellation of Removal for Non-Lawful Permanent Residents under INA § 240A(b)(1), codified at 8 U.S.C. § 1229b(b)(1), and implemented through Form EOIR-42B.

27. To qualify for cancellation of removal under § 240A(b)(1), a non-LPR must demonstrate:

  - Continuous physical presence in the United States for at least ten years;
  - Good moral character during that period;
  - No disqualifying criminal convictions; and
  - That removal would result in exceptional and extremely unusual hardship to a U.S. citizen or LPR spouse, parent, or child[2].

28. Plaintiff meets these criteria: (1) He has resided in Mt. Prospect, Illinois for over two decades; (2) he has no disqualifying criminal history; and (3) his is removal would cause severe hardship to his three U.S. citizen children, who depend on him emotionally, financially, and developmentally.

---

[2] See "Exhibits B, C, and D."

29. The existence of this statutory relief further undermines ICE's attempt to deport Plaintiff summarily under the Visa Waiver Program. Because Plaintiff is eligible for cancellation of removal, he is entitled to a full removal hearing under INA § 240—not expedited removal under § 235(b).

30. ICE's refusal to allow Plaintiff to pursue this relief, and its attempt to deport him without a hearing, violates his statutory and constitutional rights.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Issue a writ of habeas corpus ordering ICE to adjudicate custody under § 236(a);

B. Issue a writ of mandamus compelling ICE to adjudicate Plaintiff's custody under § 236(a);

C. Declare that Plaintiff is not subject to the VWP and is entitled to a bond hearing and a hearing before an immigration judge;

D. Enjoin ICE from relocating Plaintiff to a distant facility;

E. Stay Plaintiff's removal pending resolution of this action under this Court's standard established under *Sanchez v. Sessions*, 857 F.3d 757 (7th Cir. 2017).

F. Award attorney's fees and costs under the Equal Access to Justice Act;

G. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Christopher W. Helt, Esq.*
Christopher W. Helt, Esq.
Attorney for Plaintiff/Petitioner
RAFAL TYSZKA

DATED: October 2, 2025

Christopher W. Helt, Esq.
Helt Law Group, LLC.
10 S, Riverside Plaza
Suite 875
Chicago, Illinois 60606
(312) 266-0531
Christopher@heltlawgroup.com
No. 06220675