IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rafal Tyszka, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 25 C 12062 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| Pam Bondi *et al.*, ) | |
| ) | |
| Respondents. ) | |

**ORDER**

Petitioner Rafal Tyszka is a noncitizen who has lived in the United States for over twenty-five years. R. 30 ¶ 2. Tyszka admits that he entered the United States "on or about April 14, 2000, using a fraudulent Austrian passport under the Visa Waiver Program." *Id.* ¶ 6. As part of the VWP, an "entrant waives the right to assert any non-asylum objection to his removal." *Bradley v. Att'y Gen. of U.S.*, 603 F.3d 235, 238 (3d Cir. 2010). Tyszka contends, however, that he "never lawfully applied for the VWP with his lawful Polish passport . . . , and therefore never completed the VWP application" and thus that he never "knowingly or voluntarily waived any [rights]." *Id.* ¶ 1.

Around October 2025, Tyszka was arrested by Immigration and Customs Enforcement ("ICE") and placed in detention. *Id.* ¶ 8. On October 20, 2025, Tyszka filed an amended complaint seeking multiple forms of relief. R. 30. Regarding the first category of relief, Tyszka argued that he had been detained without a bond hearing in violation of the Constitution and sought a writ of habeas corpus. *Id.* at ¶¶ 19–22. Regarding the second category of relief, Tyszka petitioned the Court to find that ICE is required to provide Tyszka with a full removal hearing during which he can object to his removal. *Id.* at ¶¶ 25–30. Regarding the third category of relief, Tyszka petitioned the Court for a stay of removal during the pendency of this case. R. 30 at ¶¶ 23–24.

On October 29, 2025, the Court issued a writ of habeas corpus and ordered Respondents to provide Tyszka with a bond hearing. R. 36. Tyszka received a bond hearing on November 3, 2025, and was released from detention later that day. R. 39 at ¶ 1. Critically, a federal court's jurisdiction in a habeas corpus petition comes to an end when there is compliance with the writ. *See Brown v. Vanihel*, 7 F.4th 666, 670 (7th Cir. 2021) ("[T]he conditional writ ordered the State of Indiana to either release Brown or elect to re-try him . . . the state court's vacatur of Brown's conviction ended federal jurisdiction over Brown's habeas corpus petition."); *Jensen v. Pollard*, 924 F.3d 451, 455 (7th Cir. 2019) ("In this case the conditional writ required the State to either release Jensen or initiate proceedings to retry him. The State did the latter, and at that moment the district court lost jurisdiction."). As such, the Court no longer retains jurisdiction related to Tyszka's claims regarding unlawful detention.

Tyszka argues, however, that the Court retains jurisdiction regarding his other claims because ICE's refusal to provide a full removal hearing is a "collateral consequence" of the detention. R. 46 at 3 (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) for the premise that federal courts retain habeas jurisdiction when collateral consequences of unlawful detention persist). Practically, however, ICE's refusal to provide a full removal hearing is not a collateral consequence of the detention. ICE is refusing to provide a full removal hearing on the basis that Tyszka entered the United States under the VWP in April 2000, not on the basis of Tyszka's detention. In other words, the denial of a full removal hearing is not a result that follows the effect of the detention. Rather, the denial of a full hearing is a result that follows that effect of the VWP. *See* CONSEQUENCE, Black's Law Dictionary (12th ed. 2024) (defining consequence as a "result that follows as an effect of something that came before"). Tyszka's collateral jurisdiction argument thus does not provide the Court with jurisdiction over Tyszka's remaining claims.

And under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Based on § 1252(g), the Court lacks jurisdiction to adjudicate the remaining claims. *See Neilova v. Noem*, 2025 WL 3653698, at *2 (N.D. Ill. Dec. 15, 2025) ("First, the Court finds that it has jurisdiction over Neilova's habeas claim insofar as she challenges the lawfulness of her current detention, not the underlying merits of her immigration status, arrest, or removal. Under 28 U.S.C. § 2241, federal courts have jurisdiction to review petitions for writs of habeas corpus filed by immigration detainees before and after a final order of removal has been issued. . . . The Court must limit its review, however, to the legality of Neilova's detention because [under 8 U.S.C. § 1252(g)] its jurisdiction does not extend to the merits of Neilova's anticipated removal."); *Dambrosio v. McDonald*, 2025 WL 1070058, at *1 (D. Mass. Apr. 9, 2025) ("Under 28 U.S.C. § 2241, federal courts have jurisdiction to review petitions for writs of habeas corpus filed by immigration detainees before and after a final order of removal has been issued. This Court therefore has jurisdiction to review the petition, although [under 8 U.S.C. § 1252(g),] review is limited only to the legality of petitioner's detention; it does not extend to the merits of his anticipated removal.").

Thus, as it stands, the Court is under the impression that it lacks jurisdiction to order a stay of removal. Rather than dismiss the remaining claims at this time, however, the Court will allow one additional round of briefing from the parties.

3

## Conclusion

By 1/26/26, Tyszka shall file a brief setting forth his position regarding jurisdiction. If Tyszka wishes to proceed, he must identify an independent basis for jurisdiction for the remaining claims. Defendants shall respond by 2/2/26. Tyszka may reply by 2/9/26.

**SO ORDERED.**                                                **ENTERED: January 13, 2026**

                                                             **HON. JORGE L. ALONSO**
                                                             **United States District Judge**