**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Rafal Tyszka, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 25 C 12062 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Pam Bondi *et al*., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Rafal Tyszka is a noncitizen who admits that he entered the United States "using a fraudulent Austrian passport under the Visa Waiver Program." R. 30 ¶ 6. Respondents have issued an administrative removal order under the VWP and seek to execute the order. R. 47 at 6. Petitioner challenges the validity of the order and argues that the order is invalid because he "never completed the VWP application" and thus he never "knowingly or voluntarily" waived any rights under the VWP. R. 30 ¶ 1.

Respondents contend, however, that the Court lacks jurisdiction to rule on Petitioner's challenge based on 8 U.S.C. § 1252(g), which states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." In attempt to sidestep § 1252(g), Petitioner argues:

> The core of Petitioner's claim is not a challenge to the discretionary execution of a valid removal order, but to the existence and legality of the order itself. Petitioner contends that DHS lacked statutory authority to issue an administrative removal order under the VWP because no knowing and voluntary waiver was ever executed.

R. 51 at 4–5.

The issue with Petitioner's argument is that the Seventh Circuit has already foreclosed it. As stated in *E.F.L. v. Prim:*

> [T]he distinction between DHS's "discretionary decisions" and its "legal authority" to execute removal orders is illusory. Section 1252(g) precludes judicial review of "any" challenge to "the decision or action by [DHS] to . . . execute removal orders." That includes challenges to DHS's "legal authority" to do so. Otherwise, § 1252(g) would be a paper tiger; any petitioner challenging the execution of a removal order could characterize his or her claim as an attack on DHS's "legal authority" to execute the order and thereby avoid § 1252(g)'s bar. . . . We will not render § 1252(g) so toothless.

986 F.3d 959, 965 (7th Cir. 2021). The Court thus finds that 8 U.S.C. § 1252(g) strips the Court of jurisdiction to rule on Petitioner's challenge to the removal order. Petitioner's challenge to the removal order is the final remaining issue in this case. As such, the case is dismissed. Civil case terminated.

**SO ORDERED.** **ENTERED: September 9, 2026**



**HON. JORGE L. ALONSO**
**United States District Judge**